UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>STEPHANIE HOCKRIDGE (02)<br>a/k/a STEPHANIE REIS | No. 4:24-CR-287-O |

### GOVERNMENT'S TRIAL BRIEF CONCERNING SBA WITNESS

The United States, by and through the undersigned counsel, hereby submits this trial brief concerning a witness from the Small Business Administration (SBA) it intends to call in the upcoming trial of Defendant Stephanie Hockridge. The Defendant has signaled her intention to object to the government's SBA witness because the witness was not noticed as an expert. *See* Dkt. 144 at 4-5.

The government's witness, Kandace Zelaya, is an attorney currently employed by the SBA who, in that capacity, worked on the Paycheck Protection Program (PPP). She will testify about what the PPP was, as well as the procedures and policy terms used by her employer, the SBA, in relation to the PPP. She will not offer any sophisticated opinions about the efficacy of the SBA's regulations or opine about whether the Defendant complied with them. Her testimony will be factual, and it will be based on knowledge she has acquired during the course of her employment with the SBA.

The Fifth Circuit has repeatedly held that precisely this type of testimony is admissible without expert designation. *See United States v. Moparty*, 11 F.4th 280, 295-96 (5th Cir. 2021) (in health care fraud case, affirming admission of non-expert testimony

from insurance company representatives that "largely related to the procedures, policy terms, and fraud prevention protections at each insurance company"); *Nat'l Hispanic Circus, Inc. v. Rex Trucking, Inc.*, 414 F.3d 546, 551-52 (5th Cir. 2005) ("[Federal Rule of Evidence 701] does not exclude testimony by corporate officers or business owners on matters that relate to their business affairs, such as industry practices and pricing."); *Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 403 (5th Cir. 2003) ("[A]n officer or employee of a corporation may testify to industry practices and pricing without qualifying as an expert."); *see also United States v. Agee*, No. 1:19-cr-00103-TWP-DLP, 2021 WL 2894784, at *2 (S.D. Ind. July 9, 2021) (granting in part motion to admit testimony from SBA witnesses because the witnesses "acquired their knowledge of SBA rules and practices during the course of their employment with the SBA, and their testimony will be limited to their personal knowledge of SBA rules and practices").

For example, in *Moparty*, the Fifth Circuit approved the admission of lay opinion testimony from representatives of health insurance companies "largely related to the procedures, policy terms, and fraud prevention protections at each insurance company." 11 F.4th at 295. A representative from Blue Cross Blue Shield "addressed how the company would handle various situations, how it interpreted terms and policies, and how their policies compared to those of the industry," while an Aetna representative's testimony "focused on Aetna's policies and practices." *Id.* The Fifth Circuit held that "[t]hese witnesses' admissible testimony provided factual information about the circumstances of the case." *Id.* at 295-96 (quotation marks omitted). Similarly, here, Ms. Zelaya's testimony would provide factual information about the PPP.

In its analysis, the Fifth Circuit cited the Sixth Circuit's decision in *United States v. Kerley*, 784 F.3d 327 (6th Cir. 2015), which observed, "In a number of decisions from other circuits, courts have permitted witnesses to give lay opinion testimony about a business's policies, practices, or procedures, based on an after-the fact review or analysis of documents or facts, if the witness's testimony derived from personal knowledge gained through participation in the business's day-to-day affairs." *Kerley*, 784 F.3d at 337 (citing, among other cases, *United States v. Valencia*, 600 F.3d 389 (5th Cir. 2010)); *see also Moparty*, 11 F.4th at 295. *Kerley* also held that "[t]he fact that neither witness was personally involved in the loan transactions at issue does not preclude their testimony under Rule 701." *Kerley*, 784 F.3d at 337; *see also United States v. Powers*, 578 F. App'x 763, 767-72 (10th Cir. 2014) (affirming, on plain error review, admission of testimony from employees at victim lenders who were not personally involved in transactions but had "personal knowledge of their respective employers' lending practices at the time the transactions took place and, by the time of trial, had become familiar with the specific loan documents as well"); *id.* at 771 ("Mr. Powers's argument is undermined by decisions in a number of other circuits explaining that lay witnesses may, consistent with Rule 701(a), testify broadly regarding an employer's practices, policies, and procedures, so long as their testimony is derived from personal knowledge and experience at the business.") (citing, among other things, *Valencia*, 600 F.3d at 416).

The Defendant does not engage with any of this authority permitting the SBA witness's testimony. Instead, she cites a decision from this Court in a health care fraud case finding that the government's Medicare witness was an expert because Medicare

"'operates within a complex and intricate regulatory scheme and we cannot say that the average lay person, including any Medicare beneficiary, commands a working knowledge of Medicare reimbursement procedures.'" *See United States v. Okoroji*, No. 3:15-CR-00559-O, 2018 WL 8756433, at *1 (N.D. Tex. June 1, 2018) (quoting *United States v. White*, 492 F.3d 380, 403 (6th Cir. 2007)). However, the witness in that case worked as an investigator for a third-party Medicare contractor, *see id.* at *2; *see also United States v. Okoroji*, N.D. Tex. No. 15-cr-559, Dkt. 176 (describing witness's professional background), a distinction that another court in this district has found significant. *See United States v. Stroud*, No. 3:19-CR-00439-X, 2022 WL 1063029, at *5 (N.D. Tex. Apr. 8, 2022) (in illegal health care kickbacks case, distinguishing *Moparty* and determining that government's Medicare contractor witness was an expert because, in *Moparty*, "unlike here, the representatives testified to the policies and procedures of the companies they worked for").

Unlike in *Okoroji*, the SBA witness here is currently an SBA employee and was so employed during the PPP, when she worked extensively on the program. She will be testifying about her employer's procedures and policy terms related to PPP. *See Moparty*, 11 F.4th at 295. Ms. Zelaya's knowledge is derived from her duties held at the SBA and her testimony will be based upon personal knowledge and experience she gained while employed there. *See Valencia*, 600 F.3d at 416 ("Because Labhart's knowledge and analysis were derived from duties he held at Dynegy, his opinions were admissible as testimony based upon personal knowledge and experience gained while employed by Dynegy.").

*Okoroji* is further distinguishable because it concerned the testimony of a witness about technical aspects of Medicare billing—dense material full of jargon and codes not accessible to a lay person—whereas this case is about straightforward misrepresentations in PPP applications and those who knowingly participated in such fraud. The SBA, including through the PPP application form that every applicant initialed and signed, made clear that applicants were required to provide truthful and accurate information—such as basic information like income, number of employees, and that the business was active on February 15, 2020. The applications and requirements at issue in this case were therefore accessible to the general public, not merely to medical billing specialists with specialized training and knowledge. There was nothing that the applicants—or those who knowingly facilitated the applicants' fraudulent loans—needed to know regarding the PPP that is technical or specialized. Ms. Zelaya's testimony therefore will not cover anything beyond the skill or understanding of a lay person.

The non-expert testimony the government intends to offer through Ms. Zelaya is clearly permitted, and any objections to it by the Defendant should be overruled.

        Respectfully submitted,

        CHAD E. MEACHAM
        ACTING UNITED STATES ATTORNEY

        *s/ Matthew Weybrecht*
        MATTHEW WEYBRECHT
        Assistant United States Attorney
        State Bar of Texas No. 24102642
        Telephone: 817-252-5200
        Fax: 817-252-5455
        matthew.weybrecht@usdoj.gov

>LORINDA I. LARYEA
>ACTING CHIEF, FRAUD SECTION
>
>s/ *Philip Trout*
>PHILIP TROUT
>Acting Assistant Chief
>Fraud Section
>U.S. Department of Justice
>
>MARGARET A. MOESER
>CHIEF, MONEY LAUNDERING & ASSET
>RECOVERY SECTION
>Criminal Division, U.S. Department of Justice
>
>s/ *Elizabeth R. Carr*
>ELIZABETH R. CARR
>J. RYAN MCLAREN
>Trial Attorneys
>Money Laundering and Asset Recovery Section
>U.S. Department of Justice

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2025, I electronically filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorney(s) of record who have consented in writing to accept this Notice as service of this document by electronic means.

>*s/ Matthew Weybrecht*
>MATTHEW WEYBRECHT
>Assistant United States Attorney