IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:24 CR-00287-O |
| | § | |
| NATHAN REIS and | § | (01) |
| STEPHANIE HOCKRIDGE, a/k/a | § | (02) |
| STEPHANIE REIS, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' RENEWED JOINT OPPOSED MOTION TO
DISMISS COUNT ONE OF THE SUPERSEDING INDICTMENT FOR DUPLICITY**

COME NOW Defendants Nathan Reis and Stephanie Hockridge (collectively, Defendants), by and through their undersigned counsel, and hereby renew their motion to dismiss Count One of the Superseding Indictment (Doc. #163) as impermissibly duplicitous. *See* Fed. R. Crim. P. 12(b)(3)(B)(i). In support of the renewed motion, Defendants state the following:

1. Despite having had the opportunity to correct the duplicity of its original Indictment, the Government has obtained a Superseding Indictment that is worse than the first. The new indictment, which resembles the original Indictment in most respects but differs in several significant ones, has now lopped off two alleged coconspirators, further underscoring the lack of common participants and objects between the conduct alleged to have occurred between the two distinct rounds of the Paycheck Protection Program (PPP).

2. Like the original Indictment before it, Count One of the Superseding Indictment alleges at least two separate conspiracies concerning purportedly fraudulent applications to obtain loans under the PPP. The conduct alleged during 2020 aligned with PPP Round 1, which ended in August 2020 ("Round 1"). That alleged conspiratorial conduct was extremely limited: it involved

1

submitting applications for PPP loans only for the Defendants and two acquaintances—not vast swaths of the borrowing public. Moreover, during Round 1 of the PPP, Defendants and co-conspirators allegedly acted as consultants to *borrowers*, assisting individuals and businesses apply for PPP loans. Any alleged conspiracy related to Round 1 of the PPP, as sheer matter of logic, must have ended by August 2020, when Round 1 concluded.

3. More than five months later, in January 2021, Round 2 of the PPP program began ("Round 2"). Round 2 was materially different from Round 1: during the second round, the SBA took multiple steps to expand lending opportunities to small-business borrowers.

4. The alleged conduct related to Round 2 was not only distinct from the Round 1 conduct as a temporal matter; it was also of a fundamentally different nature and quality. According to the Superseding Indictment, Defendants "expanded [their] operations through . . . lender service provider agreement[s]" they entered into in October 2020 and April 2021 (both of which post-dated PPP Round 1). Superseding Indictment (Doc. #163) ¶ 16(d). Under those agreements, an entirely new company, Fin Cap, Inc. acted on behalf of *lenders* to package and submit loan applications from qualified borrowers. And under those agreements, Defendants' company was now entitled to receive payments from *lenders* for processing borrower applications.

5. Ms. Hockridge is also alleged during Round 2 to have created a program known as the "VIPPP" program (which did ***not*** exist during the earlier phases of the PPP program) whereby borrowers were offered a "personalized service" to assist them in submitting their loans in exchange for an additional fee. *Id.* ¶ 16(e). Ms. Hockridge allegedly "recruited coconspirators to work as VIPPP referral agents and coach borrowers on how to submit false PPP loan applications." *Id.* No similar conduct is alleged during Round 1.

6. The Round 1 and Round 2 conduct, as alleged in the Superseding Indictment, differed in many material respects. They occurred at *different times*, aligning with materially different phases of the PPP program under distinct statutory and regulatory schemes. They had *different objects*, insofar as Defendants are alleged in Round 2 to have obtained fees from lenders that were not even available to them during Round 1. They involved *different manners and means*, with the Superseding Indictment alleging that the Defendants had direct knowledge of the falsehood of applications submitted in Round 1, which the Defendants concededly lacked during Round 2. They involved *different participants*, most notably Eric Karnezis, who took no part in any alleged conduct during Round 1, but who the Government alleges was responsible for tens of millions of dollars in fraudulent loans during Round 2. And they had drastically *different scales*, with the alleged Round 1 conduct involving less than $140,000 in purportedly fraudulent loans, compared to more than $60 million claimed by the Government as losses from the alleged criminal conduct during Round 2.

7. Perhaps most importantly, the anticipated proof with respect to Round 1 and Round 2 is of an entirely different nature. With respect to loans obtained during Round 1, the Government intends to prove that the Defendants had actual knowledge of the falsity of loan applications they helped borrowers submit. In Round 2, the Government acknowledges that neither Defendant had direct contact with the borrowers Eric Karnezis recruited, and therefore they would not have had actual knowledge of the falsity of any statements by the borrowers he referred. Instead, the Government seeks to prove the existence of a conspiracy during Round 2 chiefly through Mr. Karnezis's uncorroborated and self-serving testimony.

8. Allowing the Government to pursue these numerous separate conspiracies in a single count, as though they were one conspiracy, will unfairly prejudice the Defendants, creating

the genuine risk that the jury might be invited to convict both Defendants without reaching unanimity as to which of the several distinct conspiracies each defendant participated in (or whether any particular conspiracy existed in the first place). The Government's approach also poses the "danger[] of transference of guilt from one to another across the lines separating conspiracies, subconsciously or otherwise." *Kotteakos v. United States*, 328 U.S. 750, 774 (1946).

9. To avoid these dangers, Defendants respectfully move the Court to dismiss Count One, thereby requiring the Government either to obtain a new indictment with the separate conspiracies alleged in the Superseding Indictment charged separately, or to go to trial on the remaining counts of the Superseding Indictment.

10. A memorandum of law in support of this motion is contemporaneously filed herewith.

11. Prior to filing the instant motion, the undersigned conferred via videoconference with AUSA Matthew Weybrecht, who indicated that the Government opposes the Defendants' being granted the relief requested herein.

WHEREFORE Defendants Nathan Reis and Stephanie Hockridge respectfully request that the Court grant their Motion to Dismiss Count One of the Superseding Indictment (Doc. #163), and for such other and further relief as the Court deems just and proper.

Dated: May___, 2025

Respectfully submitted,

LATHAM & WATKINS LLP

/s/ *Kevin A. Chambers*
Kevin Andrew Chambers (*Pro Hac Vice*)
DC Bar No. 495126
555 11th Street NW, Suite 1000
Washington, DC 20004
Tel: (202) 637-2200
Fax: (202) 637-2201

4

*kevin.chambers@lw.com*

Matthew S. Salerno (*Pro Hac Vice*)
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
Fax: (212) 751-4864
*matthew.salerno@lw.com*

*Attorneys for Defendant Nathan Reis*

Michael P. Heiskell, TX Bar: 09383700
JOHNSON, VAUGH & HEISKELL
5601 Bridge Street, Suite 220
Fort Worth, Texas 76112
Tel: (817) 457-2999
Fax: (817) 496-1102
*mheiskell@johnson-vaughn-heiskell.com*

*Attorneys for Defendant Nathan Reis*


BRYAN CAVE LEIGHTON PAISNER LLP

*/s/ Richard E. Finneran*
RICHARD E. FINNERAN
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Tel: (314) 259-2000
Fax: (314) 259-2020
*richard.finneran@bryancave.com*

*Attorneys for Defendant Stephanie Hockridge*

GALLIAN FIRM

*/s/ Gregg Gallian*
Gregg Gallian, TX Bar: 24085952
3500 Maple Avenue, Suite 1150
Dallas, Texas 75219
Tel: (214) 432-8860
Fax: (972) 433-5835
*gregg@gallianfirm.com*

5

*Attorneys for Defendant Stephanie Hockridge*

US-DOCS\160127333.1

## **CERTIFICATE OF CONFERENCE**

      I hereby certify that I conferred with AUSA Matthew Weybrecht via videoconference on May 22, 2025, who indicated that the Government opposed the Defendants being granted the relief requested herein.

      */s/ Richard Finneran*
      RICHARD E. FINNERAN

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record by operation of the Court's CM/ECF system.

      */s/ Richard Finneran*
      RICHARD E. FINNERAN

US-DOCS\160127333.1