IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:24 CR-00287-O |
| | § | |
| STEPHANIE HOCKRIDGE, a/k/a | § | (02) |
| STEPHANIE REIS, | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT STEPHANIE HOCKRIDGE'S
### RENEWED MOTION FOR JUDGMENT OF ACQUITTAL

COMES NOW Defendant Stephanie Hockridge, by and through the undersigned counsel, and, pursuant to Federal Rule of Criminal Procedure 29(a), files this renewed motion for a judgment of acquittal on Count One of the Superseding Indictment. In support of the Motion, and as explained more fully in the contemporaneously filed memorandum of law in support of this Motion, Ms. Hockridge respectfully states:

1. The Superseding Indictment (Doc. #163) alleged five counts against Ms. Hockridge: conspiracy to commit wire fraud (Count One) and wire fraud under 18 U.S.C. § 1343 (Counts Two through Five) related to her business of processing loan applications under the Paycheck Protection Program (PPP). The jury acquitted Ms. Hockridge of every count except Count One. Such an inconsistent result demands "judicial skepticism." *United States v. Caro*, 569 F.2d 411, 418 (5th Cir. 1978) (reversing and remanding with directions to enter a judgment of acquittal); *see also United States v. Peterson*, 488 F.2d 645, 651 (5th Cir. 1974).

2. Under Rule 29, "the [C]ourt on the defendant's motion must enter a judgment of acquittal on any offense for which evidence is insufficient to sustain a conviction." Fed. R. Crim.

1

P. 29(a). In determining the sufficiency of the evidence, the "relevant question" is not merely whether the Government has produced *some evidence* of the elements of its case, but instead "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of a crime *beyond a reasonable doubt*." *United States v. Xu*, 599 F.3d 452, 453 (5th Cir. 2010) (cleaned up) (emphasis added).

3. Given the absence of reliable evidence supporting multiple elements of conspiracy under 18 U.S.C. § 1349, no rational factfinder could find Ms. Hockridge guilty beyond a reasonable doubt on Count One. Instead, the jury's sole guilty verdict on that count improperly relied on "mere suspicion, speculation, or conjecture, or an overly attenuated piling of inference upon inference," which is improper as a matter of law. *United States v. Ganji*, 880 F.3d 760, 767 (5th Cir. 2018) (cleaned up).

4. *First*, Ms. Hockridge is entitled to an acquittal on Count One because the Government failed to prove beyond a reasonable doubt that she knowingly agreed to join any conspiracy at all. Instead, the trial evidence, as a whole, exculpated Ms. Hockridge not only of wire fraud, but of conspiracy as well. Indeed, the jury's acquittal on the wire fraud charges itself shows that the Government failed to prove elements of its the conspiracy charge beyond a reasonable doubt, for multiple reasons:

- According to the Superseding Indictment upon which Ms. Hockridge was tried, the scheme to commit wire fraud embraced in Counts Two through Five represented the *very same course of conduct* as the conspiracy. Superseding Indictment (Doc. #163) ¶ 19 (referencing ¶¶ 15–17). Because the jury acquitted on the wire fraud counts, its verdict reflects a finding that the Government had failed to carry its burden to prove her involvement in that course of conduct *beyond a reasonable doubt*.

- Moreover, the Court issued both a *Pinkerton* charge and an aiding and abetting charge that would have permitted the jury to convict Ms. Hockridge on the substantive counts of the Superseding Indictment if it found beyond a reasonable doubt that Ms. Hockridge's coconspirators either committed or

assisted in the commission of those offenses. Jury Charge (Doc. #222) at 18–19. Yet the jury acquitted on those charges. Those acquittals are irreconcilable with the jury's guilty verdict on the conspiracy charge. *See id.* Instead, the most plausible explanation of the jury's guilty verdict on Count One is that it simply misunderstood what was required for Ms. Hockridge to be found guilty of that charge.

5. A rational jury should have concluded that the Government failed to demonstrate beyond a reasonable doubt that Ms. Hockridge engaged in the course of conduct representing the alleged conspiracy (as well as representing the scheme embodied in the wire fraud counts, as the jury did here). The evidence at trial showed that Ms. Hockridge was consistently kept at a distance from discussions among the alleged coconspirators concerning fraud; that she was excluded from discussions of fraudulent alterations to borrower applications; that she actively worked against the goals of the alleged conspiracy by taking steps to root out fraud; and that Ms. Hockridge relied in good faith on the accuracy of borrower certifications, as the Small Business Administration's own guidance permitted (and encouraged) Ms. Hockridge to do. For each of those reasons, Ms. Hockridge is entitled to acquittal on Count One.

6. Although the Government attempted to stretch the available evidence at trial to connect Ms. Hockridge to the fraud, the Government in fact failed to do so ***beyond a reasonable doubt***, in several important respects:

- Although the Government introduced evidence that Ms. Hockridge was ***associated*** with other people who may have committed fraud, or that she was ***around*** fraud, neither suffices to prove beyond a reasonable doubt that she agreed to join a criminal conspiracy. "A conspiracy may not be shown . . . by evidence that merely places the defendant in a climate of activity that reeks of something foul." *United States v. Boyd*, 478 F. App'x 826, 829 (5th Cir. 2012) (cleaned up). And more to the point, it "is not enough that the Government proves that the defendant knew something criminal was afoot." *Ganji*, 880 F.3d at 766.

- The principal evidence the Government attempted to introduce to demonstrate Ms. Hockridge's knowing participation in any conspiracy was the testimony of its star witness—Eric Karnezis—a proven, prolific liar, whose claims were

3

- flatly contradicted by the written record of communications between himself and Ms. Hockridge.

- The Government similarly failed to prove beyond a reasonable doubt that Ms. Hockridge submitted any false loan application for Body Politix LLC. (Indeed, the jury *acquitted* her of submitting such an application in 2021.)

- Though the Government attempted to prove a pattern of fraudulent applications so pervasive that Ms. Hockridge *must* have known about, and joined, a conspiracy, the Government repeatedly failed to demonstrate that the applications were fraudulent—especially materially so—or that Ms. Hockridge knew about any fraudulent application *before* it was submitted, rather than after the fact.

- The Government failed to prove beyond a reasonable doubt that Ms. Hockridge intended to do anything illegal by accepting agent fees from borrowers, which were legally permitted.

7. *Second*, although the Government may have produced "some evidence" of *a* criminal conspiracy, the evidence at trial did not establish the single, unified conspiracy to commit wire fraud alleged in Count One. Superseding Indictment (Doc. #163) ¶ 14. At best, the Government demonstrated two separate courses of conduct divided by separate PPP rounds—if not a series of separate conspiracies for several borrowers, none of which were interdependent. The Government's failure to present evidence of such a single conspiracy constitutes a constructive amendment to (or fatal variance from) the Superseding Indictment, in violation of the Fifth Amendment.

8. *Third,* the Government failed to prove by a preponderance of the evidence that venue was proper for the conspiracy charge. The Government failed to prove that any conspiratorial agreement was formed, or that any coconspirator committed an overt act in furtherance of the conspiracy, in the Northern District of Texas. The Government asserted venue based on wires issued from this District—but the jury *acquitted* Ms. Hockridge of causing wire transfers to be initiated from this District. Nor do such acts constitute overt acts in the district *by a*

*coconspirator*, as the Government belatedly admitted was required the morning of closing arguments at Ms. Hockridge's trial.

9. For each of those reasons and others described in the memorandum of law supporting this motion, this Court should enter a judgment of acquittal on the sole count of the Superseding Indictment on which the jury returned a guilty verdict.

WHEREFORE Defendant Stephanie Hockridge prays that the Court grant her Renewed Motion for Judgment of Acquittal on Count One and grant such other and further relief as the Court deems just and proper.

Dated: July 28, 2025                                    Respectfully submitted,

BRYAN CAVE LEIGHTON PAISNER LLP

*/s/ Richard E. Finneran*
RICHARD E. FINNERAN
MARK A. SRERE
KEVIN H. JENCO
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Tel: (314) 259-2000
Fax: (314) 259-2020
*richard.finneran@bclplaw.com*
*mark.srere@bclplaw.com*
*kevin.jenco@bclplaw.com*

*Attorneys for Defendant Stephanie Hockridge*
*Attorneys for Defendant Stephanie Hockridge*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record by operation of the Court's CM/ECF system.

                                                  */s/ Richard Finneran*
                                                  RICHARD E. FINNERAN